UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10062
SUMMARY CALENDAR
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICKY DARRELL JACKSON,

Defendant - Appellant.

_____

On Appeal from the United States District Court for the
Northern District of Texas, San Angelo
(6:01-CR-22-1-C)
_____

June 20, 2002

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

　　Ricky Darrell Jackson appeals his guilty-plea conviction for possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). He argues that the district court erred in denying his motion to suppress evidence seized during a search of his car and person. For the following reasons, we affirm both the denial of Jackson's motion and his conviction.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

-1-

The following evidence was adduced at the suppression hearing. A confidential informant ("CI") who had been working with narcotics officers reported that he had purchased crack cocaine from Jackson on two occasions. At the officers' request, the CI arranged to buy crack from Jackson again. Agent Brock Johnson was in position to watch this third drug transaction, which occurred on the street at Jackson's car. Detectives David Mercer and Bruce Spruill were positioned approximately two blocks away. After the transaction was complete, the CI told the detectives that Jackson had more crack in his car.

As Mercer and Spruill were attempting to catch up with Jackson's car, they observed Jackson commit an illegal left turn. Mercer also believed that the tint of Jackson's car windows was illegally dark. The detectives then initiated a traffic stop and advised Jackson of the violations. Mercer asked if he could apply a window tint meter to Jackson's windows, and Jackson agreed. Because Mercer did not have such a meter, he called upon Officer Don Carmack, a canine handler, who had a meter and was nearby. At some point during this stop, Mercer also ran a computer check of Jackson's driver's license, but it is not clear when he completed this check. The tint meter indicated that Jackson's windows were illegally dark.

Instead of citing Jackson for the traffic violations, Mercer only issued a verbal warning. Still, Mercer advised Jackson that the officers had reason to believe that Jackson was selling drugs in the area. Mercer asked Jackson for consent to search his car, which Jackson denied. Mercer then asked Officer Carmack to have his dog sniff the car. The dog alerted to the right front quarter of the car and to the driver's side door. The officers found a crack pipe under the passenger's seat and crack under the driver's seat. A search of Jackson's person revealed more crack in his coat pockets.

When reviewing a ruling on a motion to suppress, this Court reviews questions of law de novo and the district court's findings of fact for clear error. See United States v. Valadez, 267 F.3d 395, 397 (5th Cir. 2001). We also review record in the light most favorable to the party that prevailed in the district court. See id.

Jackson concedes the legality of the initial traffic stop but argues that his detention became unconstitutional once Mercer informed him that he would not be cited for the traffic violations. A detention that "extends beyond the valid reason for the initial stop" violates the Fourth Amendment. See United States v. Machuca-Barrera, 261 F.3d 425, 432 (5th Cir. 2001). According to Jackson, the valid reason for the stop evaporated the moment Mercer decided not to cite him for the traffic violations.

Jackson would be correct if his traffic violations were the only reason justifying the initial stop. However, the officers also had reasonable suspicion that Jackson was involved in drug trafficking at the time they stopped his car. An officer may temporarily detain a suspect for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. See United States v. Sokolow, 490 U.S. 1, 7 (1989); United States v. Jones; 234 F.3d 234, 241 (5th Cir. 2001). Thus, the officers could continue to detain Jackson based upon their reasonable suspicion that he was involved in drug trafficking even after the reason for the initial traffic stop had disappeared. See United States v. Hare, 150 F.3d 419, 426–427 (5th Cir. 1998) (The duration of a traffic stop was allowed to extend beyond its initial justification where the officers also had a reasonable suspicion that suspect was involved drug trafficking).

Jackson next contends that the Government failed to prove at the suppression hearing that

the officers had reasonable suspicion that Jackson was involved with drugs. Specifically, he points to the lack of evidence supporting the CI's reliability and to the absence of Agent Johnson, the law-enforcement officer who allegedly witnessed the transaction. However, Detective Mercer's testimony that Agent Johnson witnessed the transaction was properly before the court because hearsay may be considered during a suppression hearing. See United States v. Sanchez, 689 F.3d 508, 509 n.2 (5th Cir. 1982). The fact that Agent Johnson witnessed the transaction, in turn, corroborated the CI's statements, and corroboration is just one means of establishing the reliability of a CI's information. See United States v. Fisher, 22 F.3d 574, 578 (5th Cir. 1994); see also Illinois v. Gates, 462 U.S. 213, 244 (1983) (internal citation omitted) ("Because an informant is right about some things, he is more probably right about other facts."). Given the CI's statements and Agent's Johnson's corroboration, we cannot say the district court clearly erred in determining that the officers had reasonable suspicion that Jackson was selling crack cocaine.

Because the officers had reasonable suspicion to believe that Jackson was selling crack, they did not violate the Fourth Amendment by detaining him after the reasons justifying the traffic stop expired. Furthermore, the stop lasted no longer than necessary to investigate the officers' reasonable suspicion. The ensuing dog sniff did not constitute a search under the Fourth Amendment, but once the dog alerted to Jackson's car, probable cause to search was established. See United States v. Dortch, 199 F.3d 193, 197 (5th Cir. 1999).

For the foregoing reasons, Jackson's conviction is AFFIRMED.